# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TARIQ R. HOFFMAN, : | |
| : | Civil Action No. 20-7640 (BRM) |
| Petitioner, : | |
| v. : | **OPINION** |
| UNITED STATES OF AMERICA, : | |
| Respondent. : | |

Before the Court is Petitioner Tariq R. Hoffman's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 4.). Following an order to answer, the Government filed a response to the motion (ECF No. 8), and Petitioner filed a reply and amended reply (ECF Nos. 9 & 10). For the reasons set forth below, the Court will deny Petitioner's motion and will not issue a certificate of appealability.

## I. BACKGROUND

On March 9, 2017, Petitioner was indicted for being a convicted felon in possession of ammunition, 18 U.S.C. § 922(g)(1), and being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (Docket No. 17-80, ECF No. 1.) On June 13, 2017, Petitioner pled guilty to being a convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) pursuant to a plea agreement. (*Id.*, ECF No. 18). As part of his plea agreement, the United States agreed to dismiss Count Two at sentencing. (*Id.*) At the plea hearing, Petitioner admitted to having two previous felony convictions, one for unlawful possession of a weapon and one for possession with intent to distribute a controlled substance, both carrying sentences of more than one-year imprisonment. (ECF No. 8-3, Plea Hearing N.T. at 27:3-1.) On October 16, 2017, the Court

sentenced Petitioner to 120 months imprisonment and three years supervised release. (Docket No. 17-80, ECF No. 20.)

Petitioner did not file an appeal challenging his conviction or sentence. Instead, on June 22, 2020, Petitioner filed a Section 2255 motion in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). (ECF No. 1.) The Court administratively terminated the motion for failure to use the correct Section 2255 form, and Petitioner re-filed the instant motion on October 27, 2020. (ECF Nos. 2 & 4.)

## II. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

### III. DECISION

Petitioner's motion is based solely on *Rehaif*. Petitioner alleges that in light of the Supreme Court decision in *Rehaif*, his guilty plea is invalid. Petitioner argues he went into his plea unknowingly because the Government was not required to prove, nor did Petitioner admit, he knew that he was a felon at the time he possessed the ammunition at issue in his conviction.[1] (*See generally* ECF No. 4-1.)

A defendant may seek relief under § 2255 if a subsequent court decision makes clear that the "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). In *Rehaif*, the Supreme Court held that, in order to be found guilty of violating 18 U.S.C. § 922(g), the Government must show that a criminal defendant knew that he fell into one of the categories of people barred from possessing a firearm under the statute at the time that he knowingly possessed a firearm. 139 S. Ct. at 2194. Because Petitioner's § 922(g) charge was premised on his having been a convicted felon at the time he possessed ammunition, *see* 18 U.S.C. § 922(g), in this matter *Rehaif* would require that Petitioner admit, or the Government prove, that Petitioner knew at the time he possessed the ammunition that he "had been convicted of a crime punishable by more than one year of imprisonment." *United States v. Sanabria-Robreno*, 819 F. App'x 80, 83 (3d Cir. 2020).

While the Government does not argue that Petitioner explicitly admitted to or acknowledged that the Government could prove Petitioner knew he was a convicted felon at the time he possessed the ammunition, the Government argues that Petitioner's *Rehaif* claim is procedurally defaulted and he cannot overcome this default. Where an issue was not raised at trial

---

[1] While Petitioner argues that the Government did not prove he knew he was a felon at the time he possessed a firearm, Petitioner actually pled guilty to one count of being a convicted felon in possession of *ammunition* in violation of 18 U.S.C. § 922(g)(1).

nor on direct appeal, it has been procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (explaining that a claim becomes procedurally defaulted when it is the type of claim that "can be fully and completely addressed on direct review based on the record created . . . ."); *Farlow v. United States*, No. 20-10679, 2020 WL 838351, at *3 (D.N.J. March 5, 2021) (finding that the defendant had procedurally defaulted his *Rehaif* claim by failing to raise it on direct appeal). Here, on direct appeal, Petitioner did not raise a claim that he was unaware that he was a convicted felon barred from possessing such ammunition at the time he possessed the ammunition at issue in his current conviction. As such, Petitioner's claim is procedurally defaulted.

To overcome this procedural default, Petitioner must demonstrate "cause" for and "actual prejudice" emanating from the default, or that he is actually innocent. *Bousley*, 523 U.S. at 622–23. Petitioner's argument most likely would have failed before the trial court, as appellate courts had routinely rejected the argument prior the Supreme Court decision in *Rehaif*. However, the Supreme Court has found "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* (internal quotation marks and citations omitted). The exception to that rule is if the claim was "so novel" at the time "that its legal basis [was] not reasonably available to counsel." *Id.* at 622 (internal quotation marks and citations omitted). The issue ultimately decided by the Supreme Court in *Rehaif* had been litigated for years prior in lower courts. *See United States v. Rehaif*, 888 F.3d 1138, 1145 n.3 (11th Cir. 2018) (listing several prior cases addressing the knowledge requirement under § 922(g)); *see also United States v. Morales-Ortiz*, Cr. A. No. 11-143, 2020 WL 7246913, at *3 (E.D. Pa. Dec. 9, 2020) ("Mr. Morales-Ortiz's claim is not a novel one because the question presented in *Rehaif* has appeared in a countless number of courts of appeals decisions over the years.") Plaintiff has not shown cause for his default.

However, "[e]ven if this Court assumes, *arguendo*, that the binding Circuit precedent in effect at the time of Petitioner's conviction is sufficient cause to excuse his failure to raise a *Rehaif*-like claim on direct appeal," Petitioner cannot show that he was actually prejudiced by the alleged *Rehaif* error. *Farlow*, 2021 WL 838351, at *2–3. Petitioner would need to show that the alleged *Rehaif* error "worked to his actual and substantial disadvantage infecting his entire [conviction] with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982). In the plea context, Petitioner cannot show "that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Sanabria-Robreno*, 819 F. App'x at 83.

Petitioner argues he entered a guilty plea without the Government proving, or him acknowledging, that he knew of his status as a felon or that he knowingly violated commerce. Petitioner makes no argument that he would have chosen not to plead guilty if the Government had been required to prove Petitioner's knowledge. It appears as though the Government would have been able to easily prove Petitioner knew at the time he possessed the ammunition that he was convicted felon. As noted above, Petitioner admitted at his plea hearing to having been previously convicted of unlawful possession of a weapon and possession with intent to distribute a controlled substance, both carrying sentences of more than one-year. (ECF No. 8-3, Plea Hearing N.T. at 27:3-1.) Petitioner knew that he had been convicted of a crime punishable by more than a year, as he had been sentenced to multi-year prison terms.  *See Sanabria-Robreno*, 819 F. App'x at 83 ("[The] indisputable evidence demonstrates that the Government could easily prove [defendant] knew at the time that he possessed the firearm that he had previously been convicted of a crime punishable by more than one year of imprisonment. As a result, there is no reasonable probability that the District Court's recitation of *Rehaif's* knowledge element would have changed

[his] decision to plead guilty . . . .") Additionally, Petitioner received the benefit of the Government withdrawing the second count of his indictment when he pled guilty. (*See* ECF No. 8, at 4.) Petitioner has not shown that he would have chosen to plead not guilty if the Court's had informed him of *Rehaif's* requirement. *Sanabria-Robreno*, 819 F. App'x at 83. As there is no reasonable likelihood that the outcome of the plea process would have been different had Petitioner known about the *Rehaif* requirement, Petitioner has not shown that he was actually prejudiced by the alleged *Rehaif* error.

Finally, Petitioner's procedural default cannot be excused under the actual innocence exception pursuant to which he has the burden to demonstrate "that no reasonable juror would have convicted him." *See Bousley*, 523 U.S. at 623. This requires he present new, credible evidence of innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggan v. Perkins,* 569 U.S. 383, 401 (2013). Here, Petitioner cannot show actual innocence for the same reasons that he cannot establish actual prejudice. Any claim that Plaintiff did not know he was a felon at the time of his possession of ammunition appears to be objectively meritless. He had at least two convictions that were punishable by more than 1 year of imprisonment and served terms of incarceration in excess of 1 year before his possession of ammunition by a convicted felon charge here. As such, Defendant cannot show that no reasonable juror would have convicted him of violating § 922(g)(1). *See Farlow,* 2020 WL 838351, at *3*; United States v. Saunders*, 2020 WL 5569785, at *5 (E.D. Pa. Sept. 17, 2020) ("No reasonable juror would ever find that [Defendant] did not know that he had spent over two years in prison before he possessed a firearm."). Petitioner cannot overcome the procedural default bar. Petitioner's motion to vacate his sentence is denied.

6

## IV. Certificate Of Appealability

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's claims fail to set forth a valid basis for relief, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

## V. Conclusion

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 4) is **DENIED** and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

Dated: November 23, 2021

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**United States District Judge**